


SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**FEB 15 2019**

ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

McRae Law Firm, PLLC                              ;
                                                 ;
    Plaintiff                                ;
                                                 ;
v.                                               ;        Cause No.: 3:19-cv-124-CWR-LRA
                                                 ;
                                                 ;
Barry Wade Gilmer, Individually                  ;
And DBA Gilmer Law Firm, PA;                     ;
Gilmer Law Firm, A Professional                  ;
Association AKA Gilmer Law Firm, PA;             ;
Gilmer Law Firm, PLLC                            ;
(Business ID 1041903) And                        ;
Matthew Wade Gilmer Individually                 ;
                                                 ;
    Defendants                               ;

---

## NOTICE OF REMOVAL BY MATTHEW WADE GILMER
## IN HIS INDIVIDUAL CAPACITY

---

COMES NOW the Defendant, Matthew Wade Gilmer, Individually, and files this Notice

Of Removal pursuant to 28 USCA Title 28, Part IV, Chapter 89 et seq.and would most respectfully

show unto the Court the following, to wit:

### REMOVAL CIVIL PROCEDURE

1.    Matthew Wade Gilmer, individually, hereinafter "Matthew Wade Gilmer" hereby

removes this civil action pursuant to 28 U.S.C.A. § 1441, 1443, and 1446-1449 (West). Matthew

Wade Gilmer alleges federal jurisdiction pursuant to the first-to-file rule, claim splitting doctrine,

and constitutional infringements as set forth below. The Complaint which Matthew Wade Gilmer

hereby removes is attached hereto as Exhibit A.

1

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

2.      Plaintiff, McRae Law Firm, PLLC, hereinafter "McRae" presently has two civil

actions pending against Matthew Wade Gilmer. The first action was filed in this Court on May

24, 2017 under Cause No. 3:17-cv-00412-CWR-FKB.  See Ex B.  The second suit was filed

against Matthew Wade Gilmer in state court on February 5, 2019. The first lawsuit clearly cites

federal law on its face and alleges federal subject matter jurisdiction:

### JURISDICTION AND VENUE

13.      [Matthew Wade Gilmer's] conduct and actions
occurred within the judicial district encompassed by the United
States District Court for the Southern District of Mississippi,
northern Division. The Plaintiffs' cause of action involves a Federal
Question per 28 U.S.C. 1331 and also involves state law claims. One
or more of the Defendants are resident citizens of the counties
included in this judicial district.
14.      This Court has federal question jurisdiction pursuant
to 18 U.S.C. § 1962(a), (b), and (c), in conjunction with 18 U.S.C.
§ 1964 and under the federal common law of federal civil conspiracy
and federal aider/abetter liability.  See Ex. B at P5, ¶13-14

3.      McRae's second lawsuit flowing from state court was served upon Matthew Wade

Gilmer on February 5, 2019. See Ex. A. The basis of McRae's two actions against Matthew Wade

Gilmer are founded solely upon one alleged actionable wrong. The actionable wrong which McRae

complains of is identical between the two actions as it relates to Matthew Wade Gilmer.  Matthew

Wade Gilmer would show that the venue in which the first suit was filed is the proper venue and

that service of an amended pleading can cause removal jurisdiction.

4.      The first-to-file doctrine announced above will be discussed later in this Notice.

Matthew Wade Gilmer would show that McRae has attempted to avoid federal jurisdiction by

notice pleading the state court action (Ex. A) . However, McRae cannot overcome the fact that

McRae has pled identical facts against Matthew Wade Gilmer in federal court first and now in state court. Pursuant to the citations of law below, federal subject matter jurisdiction now exists and this Court now has jurisdiction over the state court complaint:

> "A plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue only the state claims in state court. The defendant is entitled to have the case removed to federal court, however, if the plaintiff is attempting to avoid having an essentially federal claim adjudicated in a federal forum merely by artfully drafting the complaint in terms of state law. Nevertheless, the federal question must be an essential element of the plaintiff's complaint to provide grounds for removal."

> People of State of Ill. v. Kerr-McGee Chem. Corp., 677 F.2d 571, 575 (7th Cir. 1982) citing Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 663, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961); Great Northern Railway Co. v. Alexander, 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976). Phillips Petroleum Co. v. Texaco Inc., 415 U.S. 125, 127, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974); Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); Nuclear Engineering Co. v. Scott, 660 F.2d 241, 249 (7th Cir. 1981); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976). Nuclear Engineering Co. v. Scott, 660 F.2d 241, 249 (7th Cir. 1981); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976)

Matthew Wade Gilmer respectfully alleges that McRae has attempted to evade federal court by "drafting the [second] complaint in terms of state law." For this reason, Matthew Wade Gilmer alleges that federal jurisdiction exists as it appears on the face of both Complaints.

3

## PROCEDURAL FACTS

5.      Matthew Wade Gilmer is an attorney licensed to practice law in all state and federal courts of Mississippi. Matthew Wade Gilmer was admitted to the practice of law on April 14, 2014 with prompt admission to this Court, the Federal Fifth Circuit Court Of Appeals and all state courts of Mississippi. Barry W. Gilmer is the father of Matthew Wade Gilmer.

6.      In May of 2012, Bobby Leon Gibson employed Barry W. Gilmer to represent Mr. Gibson for the negligence and tortious administration of Mr. Gibson's wife's estate by attorney Joe Montgomery of Hattiesburg, Mississippi.

7.      Mr. Gibson was referred to Barry W. Gilmer by Thomas Matthews, III, of Wiggins, Mississippi. Attorney Matthews sought the services of Barry W. Gilmer by contacting Attorney Seth C. Little who was the employee of Barry W. Gilmer at that time. Matthews and Gibson did not seek to associate Seth C. Little on the Gibson matter. Gibson did employ Barry W. Gilmer to represent Gibson exclusively and the same is not contested by Plaintiff.

8.      Prior to Matthew Wade Gilmer becoming a lawyer, Barry W. Gilmer filed two state court civil actions against Joe Montgomery for the negligent administration of Gibson's wife's estate. Barry W. Gilmer and Seth C. Little entered their appearances and contributed to each state court action functioning exclusively through Gilmer Law Firm, PA. Thomas Matthews was to keep Mr. Gibson informed of the trial court proceedings and serve as the liaison between Barry W. Gilmer, Seth C. Little and Mr. Gibson. Barry W. Gilmer filed numerous pleadings in the state court actions and caused the pleadings to become adjudicated. The outcome of the trial court proceedings were not favorable toward Mr. Gibson. Barry W. Gilmer and Seth C. little each agreed that the Gibson trial court matter should become appealed. Barry W. Gilmer and Seth C. Little

cooperatively filed appellate proceedings on behalf of Mr. Gibson with Little serving as the scrivener.

9.       As appellate proceedings became underway, Seth C. Little terminated his employment with Barry W. Gilmer. Seth C. Little took the position that the Gibson case belonged to Barry W. Gilmer but Seth C. Little wished to continue work on the case under a written fee sharing agreement which then existed between Barry W. Gilmer, Seth C. Little and Thomas Matthews, III.

10.       The Mississippi Supreme Court ruled heavily in favor of Mr. Gibson finding that Joe Montgomery caused Mr. Gibson to receive nothing from Gibson's wife's estate. Barry W. Gilmer and Seth C. Little worked together to cause a mediation proceeding between Gibson, Joe Montgomery and the law firm owned and operated by Joe Montgomery. The mediation proceeding was successful and a recovery in the sum of $750,000 was procured by Barry W. Gilmer acting as lead counsel with Seth C. Little attending. The earned fee of $300,000 was evenly split among the attorneys.

11.       At all times material hereto Matthew Wade Gilmer never rendered any service whatsoever to Bobby Gibson. Matthew Wade Gilmer never entered an appearance on the record for Mr. Gibson in the state trial court proceedings. Matthew Wade Gilmer never entered an appearance in the state appellate court proceedings. Matthew Wade Gilmer never contributed any work to the Gibson matter whatsoever.

12.       As mentioned above, Seth C. Little terminated his employment with Barry W. Gilmer. At sometime after Seth C. Little terminated his employment with Barry W. Gilmer but before the Gibson settlement proceeds were disbursed, Seth C. Little became employed by McRae Law Firm, PLLC, hereinafter "McRae". Seth C. Little engaged in connivance and used limited

resources of McRae to further Gibson litigation. Barry W. Gilmer and Matthew Wade Gilmer were never placed on notice that McRae had any involvement in the Gibson matter. Matthew Wade Gilmer takes the position that Chuck McRae did no work in the Gibson matter regardless of the actions of Seth C. Little.

13.     On May 24, 2017 McRae sued Barry W. Gilmer, Seth C. Little, Thomas Matthews, III, and CNA Insurance, Gilmer Law Firm, PLLC, and Matthew Wade Gilmer individually in this Court, McRae Law Firm, PLLC, v. Gilmer et al, Cause No. 3:17-cv-00412-CWR-FKB. See the Second Amended Complaint, Ex. B.

14.     **It is very important to note that Ex. B, Cause No. 17-412, is the first occurrence in time that Matthew Wade Gilmer has been individually sued by McRae with regard to the Gibson matter.**

15.     It is undisputed that Matthew Wade Gilmer signed the Gibson disbursement checks.[1] The face of McRae's Complaint (Ex. B) in this Court alleges that Matthew Wade Gilmer engaged in a RICO operation, cites federal case law and alleges that the Gibson disbursement is a major event, if not the sole event that Matthew Wade Gilmer's alleged violation of federal law is predicated upon. See Ex B.

16.     Prior to suing Matthew Wade Gilmer in federal court, McRae sued Barry W. Gilmer in the Hinds County, Mississippi Chancery Court. Matthew Wade Gilmer has never been a named party in said litigation. Recently, McRae sought to add Matthew Wade Gilmer individually to the state court litigation. On February 5, 2019, the day that trial commenced in state court, the state

---

[1] Matthew Wade Gilmer has given testimony that his father, Barry W. Gilmer, had become ill and listed Matthew Wade Gilmer as the sole signator on Barry W. Gilmer's trust account. Matthew Wade Gilmer has given testimony that he was merely the scrivener and agent of Barry W. Gilmer who was instructed to sign certain checks without knowledge of the factual basis the checks were predicated upon. Barry W. Gilmer has confessed these facts and sworn testimony before the Hinds County, Mississippi Chancery Court.

court trial judge granted McRae's request to add Matthew Wade Gilmer to the litigation. The trial judge ordered Matthew Wade Gilmer to submit to a deposition in seven days and appear and defend himself at a trial on the merits set to commence on February 21, 2019.

17.    On February 7, 2019 McRae served upon Matthew Wade Gilmer the state court complaint attached hereto as Ex. A. Said state court complaint brings suit against Matthew Wade Gilmer in his individual capacity and cites identical facts to the first-filed federal lawsuit. Matthew Wade Gilmer now removes the state court action attached hereto as Exhibit A pursuant to the first-to-file doctrine, claim splitting doctrine and the United States Constitution.

<u>**ARGUMENT IN FAVOR OF REMOVAL**</u>

**I.    McRae's first-filed Complaint in federal court creates federal subject matter jurisdiction.**

18.    McRae first sued Matthew Wade Gilmer in federal court on May 24, 2017. McRae subsequently filed two amended complaints against Matthew Wade Gilmer. The present complaint which controls the litigation is attached hereto as Ex. B. Said complaint clearly cites federal law on its face. See Ex B. P5 ¶13-14. The face of all three of McRae's federal Complaints clearly cite federal law. The face of all three of McRae's federal court Complaints all cite the Gibson transaction as the substantial basis of McRae's claims against Matthew Wade Gilmer. See Ex. B ¶42-73. The state court complaint which Matthew Wade Gilmer removes today cites the exact same transaction and factual basis. Pursuant to federal law, the first-to-file rule and claim splitting doctrines apply and federal jurisdiction exists:

> "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d

947, 950 (5th Cir. 1997) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). ….. "The first-filed court takes priority and determines whether the second case must defer "[b]y virtue of its prior jurisdiction over the common subject matter ...."[1]

Morgan v. Yellowjacket Oilfield Servs., LLC, No. 2:16-CV-129, 2017 WL 2537430, at *3 (S.D. Tex. June 12, 2017)

** See Also **

Syntek argues that the "first to file" rule does not apply in this case because neither the issues nor the parties are identical to those in the Original Action. The rule does not, however, require that cases be identical. The crucial inquiry is one of "substantial overlap":

Once the likelihood of substantial overlap between the two suits had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should be allowed to proceed. By virtue of its prior jurisdiction over the common subject matter and its injunction of suit involving that subject matter in Texas, the ultimate determination of whether there actually was a substantial overlap requiring consolidation of the two suits in New York belonged to the United States District Court in New York.

*Mann Mfg.*, 439 F.2d at 408. "[R]egardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in ... the jurisdiction first seized of the issues." *Id.* at 408 n. 6; *see also* *951 *TPM Holdings, Inc. v. Intra–Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir.1996)

Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950–51 (5th Cir. 1997)

The "first to file" rule is grounded in principles of comity and sound judicial administration. "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." West Gulf, 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."; see also *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–20, 96 S.Ct. 1236, 1246–48, 47 L.Ed.2d 483 (1976).

Id at 950.

Adding New Facts:

We agree with the district court that a relator cannot avoid [citation omitted] first-to-file bar by simply adding factual details or geographic locations to the essential or material elements of a fraud claim against the same defendant described in a prior complaint. As the Third Circuit explained, a relator who merely adds details to a previously exposed fraud does not help "reduce fraud or return funds to the federal fisc," because "once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds." *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 378 (5th Cir. 2009)

19.    Matthew Wade Gilmer respectfully suggests that the holding in Save Power Ltd. supra. causes the state court complaint to now become removable. Like Save Power Ltd. Matthew Wade Gilmer was first sued by McRae in this federal Court and Matthew Wade Gilmer has become sued later in time in state court under the same common nucleus of operative fact.

20.     The federal court complaint (Ex. B) and the state court complaint (Ex. A) each are predicated upon on one event, the Gibson disbursement. See. Ex B ¶42-73. Pursuant to United States Supreme Court law as cited by the 9th Circuit Court Of Appeals, claims arising from one substantial event cannot be separated between two courts of concurrent jurisdiction by the artful (or inartful)  pleading of the Plaintiff:

> "Claims are not separate and independent of each other for the purpose of section 1441(c) [removal] if multiple claims grow out of a single actionable wrong. A single wrong cannot be parlayed into separate and independent causes of action by multiplying the legal theories upon which relief is sought or by multiplying defendants against whom a remedy is sought for the same injury. Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) citing American Fire & Cas. Co. v. Finn (1951) 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.)

If we consider Morgan, Save Power Ltd. and Vitek, together, applicable law holds that McRae's state court complaint should be removed to this Court because the first-to-file rule applies, McRae's first-filed federal complaint and the later filed state law complaint alleges facts which substantially overlap with regard to Matthew Wade Gilmer individually. Therefore, state court action brought against Matthew Wade Gilmer attached hereto as Ex. A is ripe for removal to this Court.

**II.     The second suit against Matthew Wade Gilmer in state court raises issues of federal law which prohibit claim-splitting.**

21.     McRae has engaged in claim splitting against all state court Defendants, but of most significance, against Matthew Wade Gilmer. Matthew Wade Gilmer occupies a different legal position as opposed to all other defendants. Matthew Wade Gilmer is the only defendant sued first in federal court (Ex. B) then later in state court (Ex. A). Even if this Court finds that the federal court complaint and state court complaint are mutually exclusive, it is undisputed the claims of each complaint are predicated upon the Gibson disbursement, and therefore, McRae's state court complaint (Ex. A) is removable under the claim splitting doctrine:

> "Likewise, "[T]he rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Hearn v. Bd. of Supervisors of Hinds Cty., Miss.*, No. 3:12CV417– CWR– FKB, 2013 WL 1305586, at *2–*3 (S.D. Miss. Mar. 27, 2013), *aff'd*, (July 8, 2014) (quoting *Ameritox, Ltd. v. Aegis Sciences Corp.*, No. 3:08–cv–1168, 2009 WL 305874, *4 (N.D. Tex. 2009) (citations omitted)). In a claim splitting scenario, the second suit will be barred if it involves the same parties and same transaction or series of transactions. *Id.*
>
> **Both rules (first-to-file and claim-splitting) recognize that jurisdiction attaches in the first case."**
>
> Morgan v. Yellowjacket Oilfield Servs., LLC, No. 2:16-CV-129, 2017 WL 2537430, at *3–4 (S.D. Tex. June 12, 2017) emphasis added.

**See Also**

"This Court has recognized that the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action. *Stevenson v. International Paper Co.,* 516 F.2d 103, 109 (5th Cir.1975), *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir.1979)...."

Langston v. Ins. Co. of N. Am., 827 F.2d 1044, 1046 (5th Cir. 1987)

Under Langston and Morgan, it becomes necessary to compare the substantive allegations of the first-filed complaint to the allegations of the state court complaint Matthew Wade Gilmer has removed by this Notice. Please see the analysis below All claims are based upon the Gibson matter.

| Complaint Removed By This Notice Attached hereto As Exhibit A | First-Filed Federal Suit  Ex. B |
|---|---|
| Conversion, See Ex. A ¶30 | Conversion, Exhibit B at P.23 ¶ 108 |
| Disgorgement, See Ex. A at ¶ 35-E | Disgorgement, Exhibit B P.27 at ¶ 142 |
| Negligence, See Doc. Ex A in full | Negligence, Exhibit  B P. 27 at ¶ 147 |
| Injunction, See Doc. Ex A  P.8 at ¶36 | Injunction, Exhibit B P. 28 at ¶151 |
| Sequestration, See Ex. D in full | Sequestration, Exhibit B P. 28 at ¶151 |
| Attorneys Fees, See Doc. Ex A ¶35-G | Attorney's Fees, Exhibit B P.27 at ¶146 |
| Pre-judgment Interest, See Ex. A, ¶35-D | Pre-judgment Interest,  Exhibit B P.27 at ¶146 |
| Post-judgment Interest, See Doc. Ex A ¶35-D | Post-judgment Interest, Exhibit B at P.27 at ¶146 |
| Punitive Damages, See Doc. Ex A, ¶35-F | Punitive Damages, Exhibit B at P.27 at ¶147 |
| Breach Of Loyalty, Ex. A P.7 ¶32-34 | Breach Of Loyalty, Exhibit B at P.27 at ¶143 |
| Breach Of Fiduciary Duty, Ex A. ¶31-34 | Breach Of Fiduciary Duty, Exhibit B  P.27 at ¶143 |

22.   The chart above illustrates McRae's attempt at classic claim splitting. Claim splitting is a doctrine recognized by both state and federal law. Pursuant to *Carpenter v. Kenneth Thompson Builder, Inc.*, 186 So. 3d 820, 824–25 (Miss. 2014), claims splitting is defined as follows by all the Mississippi Supreme Court and the United States Supreme Court:

> The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.' " *Katz*, 655 F.3d at 1217 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir.2002)). "It is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Hartsel*, 296 F.3d at 990. "[T]he [United States] Supreme Court captured the general principle regarding claim-splitting:
>
> When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interest; there must be the same rights asserted and the same relief prayed for; the relief must *825 be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same." *Katz*, 655 F.3d at 1217 (*quoting The Haytian Republic*, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)).

So, the United States Supreme Court has held that claim splitting exists if (1) it's the same parties or at least represent the same interest; (2) same rights asserted and/or same relief requested; (3) relief must be founded on the same facts; and (4) the essential basis of the relief must be the same. Let us compare these elements between the this civil action and the first-filed civil action against Matthew Wade Gilmer individually.

**The Parties:**

| Ex. A State Court Complaint | Ex. B, Federal Court Complaint |
| --- | --- |
| Barry Gilmer<br>Gilmer Law Firm, PA<br>Gilmer Law Firm, PLLC<br>Matthew Wade Gilmer | Barry Gilmer<br>Gilmer Law Firm, PA<br>Gilmer Law Firm, PLLC<br>Matthew Wade Gilmer<br>Seth Little<br>Thomas Matthews, III, (settled for $15,000)<br>CNA Insurance (settled for nuisance value) |

**Rights Asserted By McRae / Same Relief Requested:**

| State Court Complaint Ex. A | Federal Complaint Ex. B |
| --- | --- |
| Injunction, Ex A, P8 at ¶36 | Injunction, Ex. B P. 28 at ¶151 |
| Sequestration, See Ex. C in full<br>(State Court Pleading) | Sequestration, Ex. B P. 28 at ¶151 |
| Attorneys Fees, Ex A, ¶35-G | Attorney's Fees, Ex. B P.27 at ¶146 |
| Pre-judgment Interest, See Ex A, ¶35-D | Pre-judgment Interest, Ex. B P.27 at ¶146 |
| Post-judgment Interest, See Ex. A ¶35-D | Post-judgment Interest, Ex. B P.27 at ¶146 |
| Punitive Damages, See Doc. 2, ¶35-F | Punitive Damages, Ex. B P.27 at ¶147 |

**Relief Founded On The Same Facts as Alleged by McRae:** [2]

| State Court Complaint Ex. A | First-Filed Federal Suit Ex B. |
|---|---|
| Barry Gilmer did trial work on behalf of Gibson Ex. A at P3 ¶7 | Barry Gilmer did trial work on behalf of Gibson Ex.B P.6 ¶16 |
| McRae appealed the Gibson case and did the appellate work See. Ex. A at P5 ¶15-16 | McRae appealed the Gibson case and did the appellate work Ex. B P.6-7 ¶22-25 |
| Seth Little and Barry Gilmer conspired to disburse the Gibson money without notifying McRae and converted the same. See. Ex. A P5 at ¶20, 23-25 | Seth Little and Barry Gilmer conspired to disburse the Gibson money without notifying McRae and converted the same. Ex. B P.9 ¶42 |
| Matthew Wade Gilmer signed the checks See. Ex. A at P5 ¶20, | Matthew Wade Gilmer signed the checks Ex. B P.10 ¶42 |
| Gilmer Law Firm, PA, Gilmer Law Firm, PLLC, Barry Gilmer and Seth Little absconded with McRae's money Ex. A P5-6 at ¶20-25 | Gilmer Law Firm, PA, Gilmer Law Firm, PLLC, Barry Gilmer and Seth Little absconded with McRae's money Ex. B P.6-7 ¶27 |

**The basis for relief sought by McRae:**

| Complaint Removed By This Notice Attached hereto As Exhibit A | First-Filed Federal Suit  Ex. B |
|---|---|
| Conversion, See Ex. A ¶30 | Conversion, Ex. B at P.23 ¶ 108 |
| Disgorgement, See Ex. A at ¶ 35-E | Disgorgement, Ex. B P.27 at ¶ 142 |
| Negligence, See Doc. Ex A in full | Negligence, Ex.  B P. 27 at ¶ 147 |
| Injunction, See Doc. Ex A  P.8 at ¶36 | Injunction, Ex. B P. 28 at ¶151 |
| Sequestration, See Ex. C in full (State court pleading) | Sequestration, Ex. B P. 28 at ¶151 |
| Attorneys Fees, See Doc. Ex A ¶35-G | Attorney's Fees, Ex. B P.27 at ¶146 |
| Pre-judgment Interest, See Ex. A, ¶35-D | Pre-judgment Interest,  Ex. B P.27 at ¶146 |
| Post-judgment Interest, See Doc. Ex A ¶35-D | Post-judgment Interest, Ex. B at P.27 at ¶146 |
| Punitive Damages, See Doc. Ex A, ¶35-F | Punitive Damages, Ex. B at P.27 at ¶147 |

---

[2] No facts are admitted. These are the facts McRae relies upon. Matthew Wade Gilmer denies all allegation contained within said chart. The chart and its contents are offered to show the identical nature of McRae's two complaints.

| Breach Of Loyalty, Ex. A P.7 ¶32-34 | Breach Of Loyalty, Ex. B at P.27 at ¶143 |
| Breach Of Fiduciary Duty, Ex A. ¶31-34 | Breach Of Fiduciary Duty, Ex B  P.27 at ¶143 |

23.     The charting above clearly illustrates that McRae has satisfied every single element that must be satisfied under the federal doctrine of claim splitting. The parties sued by McRae are the same. The rights asserted by McRae are the same. The facts are the same. The essential basis of relief is the same. The difference is Matthew Wade Gilmer was sued first in federal court alleging these identical claims as a basis for relief. Pursuant to the United States Supreme Court Holding in *Haytian Republic*, as quoted by the United States District Court Of Appeals in *Katz*, McRae's later-filed state court complaint against Matthew Wade Gilmer violates the first to file doctrine and claim splitting doctrines recognized by this federal Court. Pursuant to those doctrines, this federal court now has jurisdiction over the state court complaint attached as Ex A.

24.     McRae has now split his claims by first filing a lawsuit against Matthew Wade Gilmer in federal court (Ex. A) and then bringing a second suit later in time against Matthew Wade Gilmer in state court (Ex. B). The later-filed state lawsuit (Ex. A)  against Matthew Wade Gilmer satisfies every element of claim splitting when compared to the first-filed federal lawsuit: (1) the parties are the same, (2) rights asserted are the same, (3)the facts are the same and (4) the relief requested is the same.

25.     In summary of claim splitting, McRae's later-filed state lawsuit (Ex. A) is removable to this court under the first-filed doctrine together with the claim-splitting doctrine discussed above.

**III. Matthew Wade Gilmer's constitutional right to an attorney of his choosing and jury trial has been violated by the trial court and McRae.**

26.     The honorable trial court judge in this matter has engaged in a repetitious pattern and practice of entering bench opinions which directly effect Matthew Wade Gilmer without affording Matthew Wade Gilmer the opportunity to seek out and employ an attorney. When this has occurred, Matthew Wade Gilmer has called upon his father to intermittently serve as Matthew Wade Gilmer's attorney. On or about October 29, 2018 McRae subpoenaed Matthew Wade Gilmer to a hearing on McRae's motion to amend Matthew Wade Gilmer as party to the state court action. Matthew Wade Gilmer gave extensive testimony regarding Matthew Wade Gilmer's limited contact with Mr. Bobby Gibson and Matthew Wade Gilmer's nonparticipation in the Gibson litigation. This included comprehensive cross examination by McRae. The trial court denied McRae's request to bring suit against Matthew Wade Gilmer and ruled that Matthew Wade Gilmer was a clerical agent of Barry W. Gilmer who carried out "mundane" tasks such as signing the checks in the Gibson matter. Once Matthew Wade Gilmer was no longer at risk of becoming sued by McRae, Matthew Wade Gilmer terminated Barry W. Gilmer as his lawyer.

27.     On the night of February 4, 2018 Matthew Wade Gilmer was instructed by Barry W. Gilmer to appear at the Hinds County, Mississippi Chancery Courthouse to serve as a witness at the trial of the state court action. As the trial became underway, the trial judge began hearing pending motions, one of which was a third attempt to cause Matthew Wade Gilmer to become sued in state court. The trial judge became inflamed with Barry W. Gilmer, violently thrashed the bench and called Barry W. Gilmer a "liar" who had "committed misrepresentations" to the Court. Barry W. Gilmer asked that Matthew Wade Gilmer be given an opportunity to defend himself against McRae's attempt to add Matthew Wade Gilmer to the litigation in Matthew Wade Gilmer's

individual capacity. The trial judge then became punitive and ordered Matthew Wade Gilmer be served with the state court lawsuit (Ex. A). The honorable trial judge also ordered Matthew Wade Gilmer to submit to a deposition in less than ten (10) days and appear and defend himself at the state court trial which was scheduled to commence in fifteen (15) days.

28.     Barry W. Gilmer attempted to offer the usual rebuttal argument which is permitted under the Mississippi Rules Of Civil Procedure. However, the honorable trial judge continued in her fit of rage and retreated to the judge's chamber issuing instructions that Barry W. Gilmer could make an open record proffer and nothing else.

29.     At the conclusion of the February 6, 2017 proceedings, Barry W. Gilmer once again asked the trial judge if Matthew Wade Gilmer was required to answer the amended complaint and defend himself at the trial set to commence less than twenty days from the point in time that Matthew Wade Gilmer became sued. The trial judge replied as much as he "wants to".

30.     Prior to Matthew Wade Gilmer becoming sued in state court, McRae and Barry W. Gilmer conducted extensive discovery including numerous depositions. Said depositions included the deposition of William Larry Latham, the Gibson Mediator, Seth C. Little and Thomas Matthews. Matthew Wade Gilmer was not allowed to participate in these depositions and has not been afforded due process and/or equal protections of the law which have been afforded to the other defendants to the state court action (Ex. A).

31.     Additionally, Matthew Wade Gilmer has attempted to hire two lawyers in this matter who have each declined to accept employment due to the trial of this matter commencing in less than ten (10) days.

32.     McRae's state court complaint (Ex. A) pleads in terms of conversion, fraud, breach of fiduciary duty and misrepresentation. See the charts above. Pursuant to the United States

Constitution, Matthew Wade Gilmer is entitled to an attorney of his choosing, equal protection under the laws that govern the Mississippi judiciary and due process as afforded to the other Defendants to this action.

33.    Matthew Wade Gilmer alleges that his federal constitutional rights have been abridged which is another reason why federal court jurisdiction is proper with regard to the state court action. In support of this allegation, Matthew Wade Gilmer offers the following citations of authority:

> "[T]he right to counsel is one of constitutional dimensions and should thus be freely exercised without impingement." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980)

**

> Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard. Early in our jurisprudence, this Court voiced the doctrine that '(w)herever one is assailed in his person or his property, there he may defend,' *Windsor v. McVeigh*, 93 U.S. 274, 277, 23 L.Ed. 914 (1876). See *Baldwin v. Hale*, 1 Wall. 223, 17 L.Ed. 531 (1864); *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897). The theme that 'due process of law signifies a right to be heard in one's defense,' *Hovey v. Elliott*, supra, 417, 17 S.Ct. at 844, has continually recurred in the years since Baldwin, Windsor, and Hovey.
> Boddie v. Connecticut, 401 U.S. 371, 374, 91 S. Ct. 780, 784, 28 L. Ed. 2d 113 (1971)

**

It is a familiar precept of constitutional jurisprudence that the fourteenth amendment prohibits a state from depriving a person of property or liberty without due process of law.

Vitek v. Jones, 445 U.S. 480, 487, 100 S.Ct. 1254, 1260, 63 L.Ed.2d 552 (1980); Doe v. Milwaukee County, 903 F.2d 499, 502–03 (7th Cir.1990); Shango v. Jurich, 681 F.2d 1091, 1097 (7th Cir.1982).

**

However, if a case between private parties is arbitrarily and capriciously decided, in violation of settled principles of law and contrary to undisputed facts, though the court so deciding had jurisdiction over the suit, the judgment may be in violation of the 14th Amendment. *Postal Telegraph Cable Co. v. Newport, Ky.*, 247 U.S. 464, 38 S.Ct. 566, 62 L.Ed. 1215.

*Williams v. Tooke*, 108 F.2d 758, 759 (5th Cir. 1940)

**

The protection against inconvenient litigation is typically described in terms of "reasonableness" or "fairness."

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980)

34.    Matthew Wade Gilmer would show that McRae together with the honorable trial judge have abridged Matthew Wade Gilmer's federally protected constitutional rights in the following ways:

(a) Mathew Wade Gilmer has not been afforded the opportunity to hire a lawyer of his choosing. Pursuant to Potashnick above, this violates Matthew Wade Gilmer's constitutional rights.

(b) Matthew Wade Gilmer has been sued for breach of fiduciary duty. Said claim is not an equitable matter, and therefore, Matthew Wade Gilmer is entitled to a jury trial. Matthew Wade Gilmer has been deprived of this right as the state court action is set for a bench trial in less than ten days. Pursuant to Postal Telegraph Cable Co. v. Newport, Ky., 247 U.S. 464, 38 S.Ct. 566, 62 L.Ed. 1215. Vitek v. Jones, 445 U.S. 480, 487, 100 S.Ct. 1254, 1260, 63 L.Ed.2d 552 (1980); Doe v. Milwaukee County, 903 F.2d 499, 502–03 (7th Cir.1990); Shango v. Jurich, 681 F.2d 1091, 1097 (7th Cir.1982) Matthew Wade Gilmer's right to equal protection and due process has been violated.

(c) Matthew Wade Gilmer has not been afforded the pretrial processes and procedures he is entitled to but has been afforded to other litigants. Pursuant to Postal Telegraph Cable Co. v. Newport, Ky., 247 U.S. 464, 38 S.Ct. 566, 62 L.Ed. 1215. Vitek v. Jones, 445 U.S. 480, 487, 100 S.Ct. 1254, 1260, 63 L.Ed.2d 552 (1980); Doe v. Milwaukee County, 903 F.2d 499, 502–03 (7th Cir.1990); Shango v. Jurich, 681 F.2d 1091, 1097 (7th Cir.1982) Matthew Wade Gilmer's right to equal protection and due process has been violated.

35. In summary, Matthew Wade Gilmer's core constitutional rights have been violated by McRae and the trial court. Therefore, the state court suit (Ex. A) against Matthew Wade Gilmer has violated the protections afforded to Matthew Wade Gilmer by the United States Constitution. As a result, and in combination with the first-to-file theory set forth above, this court now has jurisdiction over the complaint attached hereto as Ex. A.

## CONCLUSION

36. McRae first sued Matthew Wade Gilmer in federal court alleging federal question matters such a RICO violations, wire fraud and mail fraud. Said federal lawsuit is solely predicated upon the Gibson disbursement transaction. As a result, this Court now has jurisdiction over the duplicative later-filed state court action (Ex. A) filed against Matthew Wade Gilmer. In addition to that instance of federal jurisdiction, the trial court presiding over the state court suit (Ex. A) has abridged Matthew Wade Gilmer's federal constitutional rights. Therefore, this court is now vested with jurisdiction over the state court suit attached hereto as Ex. A.

Respectfully Submitted,

Matthew Wade Gilmer, Individually

By: _____

Matthew Wade Gilmer, Individually, Pro Se
MSB# 104685

Matthew Wade Gilmer
Attorney At Law
Post Office Box 1696
Madison, Mississippi
mwg@mwgattorney.com
P: 601-850-7773
F: 601-510-9098

**CERTIFICATE OF SERVICE**

I, Matthew Wade Gilmer, do hereby certify that I have this day served a true and correct

copy of the above and forgoing Notice Of Removal by placing the same with the U.S. Mail, postage

prepaid, and by filing the same with Mississippi Electronic Court System which will also

electronically serve the following persons:

        Law Office Of B. Ruth Johnson, PLLC
        Hon Michelle D. Biegel
        405 Tombigbee Street (39201)
        Post Office Box 2433
        Jackson, Mississippi 39225-2433
        Telephone: (601) 354-1000
        Facsimile: (601) 354-9994
        Attorneys For McRae Law Firm, PLLC

        Barry W. Gilmer
        Post Office Box 919
        Madison, Mississippi 39130
        gilmerlaw@gilmerlawfirm.com
        Attorney For All Other Defendants

        Hon. Janace Goree
        Special Trial Judge
        Post Office Box 13301
        Jackson, MS 39236-3301
        jgoree9778@gmail.com

SO CERTIFIED this the 15-th day of February, 2019.

                                Matthew Wade Gilmer