# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

MCRAE LAW FIRM, PLLC                                                   PLAINTIFF

V.                                             CAUSE NO. 3:19-CV-124-CWR-LRA

MATTHEW WADE GILMER, ET AL.                                DEFENDANTS

## ORDER

When it first remanded this case, this Court did not sanction Barry Gilmer for what could have been an innocent mistake.[1] Gilmer got a pass on the second remand, too. The third time, though, Judge Bramlette was not pleased. He remanded the matter, awarded the plaintiff more than $5,000 in attorney's fees, and cautioned Gilmer that "stiffer sanctions" would result if Gilmer removed this dispute a fourth time. *McRae Law Firm, PLLC v. Gilmer*, No. 3:17-CV-704-DCB-LRA, 2018 WL 3595219, at *3 (S.D. Miss. July 26, 2018). Judge Bramlette even considered imposing a pre-filing injunction to prevent Gilmer from removing the case a fourth time.

Gilmer didn't remove the case again. It appears, he simply got his son to do it for him.

Matthew Wade Gilmer perfected the fourth removal of this case in February 2019, drawing this cause number. Barry Gilmer consented to the removal. There was no factual or legal justification for the removal, so it should have come as no surprise that in remanding this case yet again, this Court found that "attorney's fees and costs are more than appropriate." Docket No. 20.

---

[1] That's a generous read of Gilmer's actions, since he then took an appeal (despite the lack of appellate jurisdiction) and, separately, sought a writ of mandamus.

The question today is how much those fees and costs will total. Gilmer has been here before. *See McRae Law Firm*, 2018 WL 3595219, at *3. The legal standard for fee motions is familiar and need not be repeated. *See Sturkin v. Patrick*, No. 3:16-CV-434-CWR-FKB, 2019 WL 2078790, at *1 (S.D. Miss. May 10, 2019). The Supreme Court has explained that "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.* at *2 (quotation marks and citation omitted).

Notwithstanding this clearly established law, the briefs and evidence on this single issue exceed 1,200 pages. The Court has attempted to boil down the lengthy record into a few findings:

Despite their protestations of independence,[2] the available evidence suggests that defendants Barry Gilmer and Matthew Wade Gilmer work together, live together, represent each other on occasion[3], regularly share and transfer financial assets between one another, have identical interests in this long-running dispute, and, most importantly, have acted in concert to frustrate the plaintiff and the judicial system in its effort to see this case to its conclusion. *See, e.g.*, Docket No. 23-13 at 33, 37-38, 82, 89-93, 110, 121-27, 147-49, 228, 240, and 253. Their fourth removal of this case was objectively unreasonable. Their actions have unnecessarily delayed the resolution of their dispute with the plaintiff.

The evidence attached to the present motion for fees shows that reasonable hours were expended by the plaintiff's attorneys on securing the fourth remand. Their brief and arguments

---

[2] In his brief, for example, Matthew Gilmer claims that the 2019 amended complaint was the first time he had been involved in this dispute. That's misleading. His single-member PLLC was among the defendants sued in the very first removal of this case, way back in 2016. And the state-court testimony shows that Matthew Gilmer is the authorized signatory on all of Barry Gilmer's law firms' bank accounts, and has been for the last five and a half years. *See* Docket No. 23-13 at 91. So the notion that Matthew Gilmer should get the benefit of the doubt for being new to this dispute—a dispute which at its core *concerns him writing law firm checks*—is preposterous.
[3] *See* Docket No. 30-3 at 7 and 76; Docket No. 30-13 at 42.

were compelling enough that the Gilmers conceded to remand on the merits, reserving their objections only to the prospect of sanctions.

As for the reasonableness of the hourly rates, the Court finds Mr. Corlew's evidence of attorney hourly rates to be consistent with evidence shown in other cases in this judicial district. *See, e.g.*, *Brown v. Mississippi Dep't of Health*, No. 3:11-CV-146-CWR-FKB, 2013 WL 12128785, at *3-4 (S.D. Miss. Mar. 5, 2013) (collecting cases); *McWilliams v. Advanced Recovery Sys., Inc.*, No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017). The plaintiffs' attorneys are certainly experienced enough to draw these rates, and there is no reason to deviate from these regional norms in this matter.

For these reasons, the Court will award the movants the full attorney's fees they seek. No adjustments will be made after consideration of the *Johnson* factors, for essentially the same reasons Judge Bramlette provided in the last fee award. *See McRae Law Firm*, 2018 WL 3595219, at *3.

In its Order of Remand, this Court asked whether the defendants should be required to pay a per-day sanction for the delay they have caused. There is little doubt that the defendants have acted in bad faith, that lesser sanctions were unsuccessful and had no deterrent effect on their behavior, and that the defendants have more than adequate financial resources to pay per-day sanctions. Under the circumstances, therefore, a per-day sanction is warranted.

That said, the undersigned believes that the Chancellor is in the best position to calculate the precise number of days that the defendants' actions have delayed the resolution of the case before her. This Court will therefore decline to issue a daily sanction and, instead, simply express its belief that any decision she might reach to sanction the defendants would not be an abuse of discretion.

The motion for fees and costs is granted in the amount of $13,931.10. It shall be paid before December 1, 2019. The motion to strike is denied. The supplemental motion for fees is denied.

In addition, Matthew Wade Gilmer and Barry Gilmer, and all of their law firms, entities, agents, attorneys, and representatives, are hereby enjoined from removing their state-court dispute with the McRae Law Firm into federal court, unless they have first received written permission from Judge Bramlette or the undersigned.

Lastly, it appears that monetary sanctions and the threat of "stiffer sanctions, monetary and otherwise" have not caused these defendants to refrain from these abusive tactics. A next step may be to revoke these lawyers' authority to practice in the district. The Court will consider that tool and all other remedies should the defendants remove this case again.

**SO ORDERED**, this the 22nd day of October, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
